IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| v. | Criminal Case No. TDC-20-0033 |
| * | |
| PATRIK MATHEWS * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS COUNTS 9 AND 12 FOR MULTIPLICITY AND FAILURE TO STATE AN OFFENSE

The Defendant, Patrik Mathews, by his attorney, Joseph A. Balter, respectfully moves this Honorable Court to dismiss counts 9 and 12 from the indictment pending in this case because they are multiplicitous and fail to properly allege an offense. In support of this motion, Mr. Mathews sets forth the following facts and argument:

1. Mr. Mathews is charged in counts 8, 9, 11, and 12 of the Indictment. Count 8 charges Mr. Mathews of being an Alien in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(5) on January 5, 2020. Correspondingly, count 9 charges Mr. Mathews of Transporting a Firearm and Ammunition in Interstate Commerce with Intent to Commit a Felony, in violation of 18 U.S.C. § 924(b) on January 5, 2020. Count 11 of the indictment charges Mr. Mathews of being an Alien in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(5) on January 11, 2020. Correspondingly, count 12 charges Mr. Mathews of Transporting a Firearm and Ammunition in Interstate Commerce with Intent to Commit a Felony, in violation of 18 U.S.C. § 924(b) on January 11, 2020.

1

2. Counts 9 and 12 are either multiplicitous or defective for the failure to state an offense. Counts 9 and 12 charge Mr. Mathews and codefendant Lemley of Transporting a Firearm and Ammunition in Interstate Commerce with Intent to Commit Felony. The Indictment states:

> Brian Mark Lemley, Jr. and Patrik Jordan Mathews, with intent to commit therewith an offense punishable by imprisonment for a term exceeding one year, and with knowledge and reasonable cause to believe that an offense punishable by imprisonment for a term exceeding one year was to be committed therewith- that is, disposing of a firearm and ammunition to an illegal alien, in violation of 18 U.S.C. § 922(d)(5), and being and aiding and abetting an alien in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(5) and 2—shipped, transported, and received a firearm and ammunition in interstate commerce.

This exact language is used for count nine, relating to the January 5, 2020 offense and then again for count twelve, corresponding to the January 11, 2020 offense. Accordingly, the indictment charges Mr. Mathews with the transport of a firearm with the intent to commit two underlying offenses- the disposing of a firearm to an illegal alien, in violation of 18 U.S.C. § 922(d)(5); and, the aiding and abetting an alien in possession of a firearm, in violation 18 U.S.C. §§ 922(g)(5).

3. Counts 9 and 12 are defective for the failure to state a claim with respect to the underlying offense that alleges Mr. Mathews shipped, transported and received the firearm with the intent to dispose of the firearm to an illegal alien. The counts are defective because Mr. Mathews could not be charged with the substantive offense of disposing a firearm to an illegal alien because he could not "dispose" of the firearm to *himself.* Significantly, Counts 7 and 11 charge Brian Mark Lemley alone with the offense of Disposing of a Firearm and Ammunition to an Illegal Alien. Mr. Mathews was not charged because an offense occurs only when the firearm is disposed to another person. The intent element of the transport statute, 18 U.S.C. § 924(b) cannot apply to an underlying statute for which the defendant could not be charged. Accordingly,

with respect to the prong of the offense that alleges Mr. Mathews shipped, transported and received a firearm with the intent to dispose to an illegal alien, Counts 9 and 12 are defective and must be dismissed.

4. Counts 9 and 12 are multiplicitous because they charge Mr. Mathews under 18 U.S.C. § 924(b) for the same exact conduct charged under counts 8 and 11. When "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "Subsequent Supreme Court decisions have made it clear that the crucial inquiry is whether proof of all statutory elements of either offense would automatically entail proof of all the elements of the other." *United States v. Wilson*, 721 F.2d 967, 970–71 (4th Cir. 1983) (citing *Illinois v. Vitale*, 447 U.S. 410, 416 (1980); *Iannelli v. United States*, 420 U.S. 770, 785 n. 17 (1975).

In *Wilson*, the defendant was charged with exporting firearms without a license, in violation of 22 U.S.C.A. § 2778 and then also charged under 18 U.S.C. § 924(b) for transporting firearms with intent to commit an offense punishable by over one-year imprisonment. *Id.* at 970. The court determined that proof of all elements of § 2778 automatically proved a § 924(b) violation because "[t]he controlled defense articles under § 2778 include[d] the firearms regulated by § 924(b), while export under § 2778 and transport in foreign commerce under § 924(b) [were] practical equivalents." *Id.* at 971. The court held the § 924(b) charge to be multiplicitous and further noted that congress did not intend 18 U.S.C. § 924(b) to act as a cumulative penalty enhancement *Id.* at 971 (noting when Congress amended § 924(c), it

stipulated "the punishment should be 'in addition to' any punishment prescribed by other statutes for the same acts[,]" but in the language for § 924(b), Congress did not include such language). The court concluded that § 924(b)'s language was "at best ambiguous" and when ambiguity applies, doubts should be resolved in favor of lenity. *Id.* The prejudice arising from multiplicitous counts is not limited to the possibility of multiple punishments, but to the fact that the multiplicitous indictment may suggest to the jury that a defendant has committed more than one crime. *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991)(a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes—not one).

Mr. Mathews alleges 18 U.S.C. § 924(b) is similarly multiplicitous because proof of all the elements of Mr. Mathews' § 922(g)(5) violations would automatically prove[1] a § 924(b) violation. Mr. Mathews is charged with violating § 922(g)(5) in counts 8 and 11 of the indictment. Although the indictment phrases the violation as "Alien in Possession of Firearm and Ammunition," the full extent of the elements of § 922(g)(5) are as follows:

> It shall be unlawful for any person—
> (5) who being an alien—
>     (A) Is illegally or unlawfully in the United States; or
>     (B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26)));
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Transporting in interstate commerce, possession in interstate commerce, or receiving in interstate commerce are included in § 922(g)(5) as alternative elements for the commission of the offense.

---

1 Proof of a § 924(b) violation still fails because there is no *future* intent to commit a felony. *See infra* ¶ 4.

In counts 9 and 12, the indictment charges Mr. Mathews of "Transporting Firearm and Ammunition in Interstate Commerce with Intent to Commit Felony." Ordinarily, the government could argue that the intent to commit a future felony is a separate element, satisfying *Blockburger*, but in this instance, the only support for intent is the existing § 922(g)(5) violations—"shipped, transported, and received a firearm and ammunition in interstate commerce." *See* Indictment Counts 9 and 11.

The government cannot satisfy *Blockburger* by claiming Mr. Mathews was transporting a firearm with intent to commit a felony and support intent with the same action of transporting, possessing, or receiving the firearm, contained within the elements of § 922(g)(5). Counts 8 and 11 already account for the § 922(g)(5) violations. Therefore, counts 9 and 12 are multiplicitous because they are predicated on "the same act or transaction," in which all the elements merge into the § 922(g)(5) counts.

5. Regardless of *Blockburger*, the indictment still fails to establish counts 9 and 12 under 18 U.S.C. § 924(b) because it failed to state a theory as to how Mr. Mathews violated a material element of the offense—particularly, what felony Mr. Mathews intended to commit.

Fed. R. Crim. P. 7(c)(1) states: "[t]he indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Courts have interpreted this rule to require that an indictment "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Insufficiency can be asserted when the government fails to articulate a factual claim as to how the defendant violated the elements of the statute. *See*

5

*United States v. Frankel*, 721 F.2d 917, 919 (3d Cir. 1983) (dismissing an indictment as insufficient where the government charged the defendant with mail fraud because the indictment failed to describe how the defendant's statements were false or fraudulent representations, which was an essential element of the crime). The court concluded, "We find no error in the dismissal of the indictment as drawn, because it relies on a misrepresentation theory unsupported by the allegations." *Id.*

In the current case, the indictment alleges that Mr. Mathews transported a firearm and ammunition in interstate commerce with the intent to commit a felony in violation of 18 U.S.C. § 924(b). The indictment failed to validly allege Mr. Mathews' intent to commit a felony, but rather recycles the first element of 18 U.S.C. § 924(b)—transporting the firearm—to support the second element of intent to commit a felony. Clearly, the statute intended to enhance penalties for individuals transporting firearms with intent to commit a felony. The mere possession of the firearm, while transporting it, or the act of transporting the firearm is insufficient to satisfy the intent prong, under 18 U.S.C. § 924(b).

In *Frankel*, the district court dismissed the indictment because the government alleged the presentation of a check not secured by adequate funds as its grounds to support the charge of misrepresentation. *Frankel*, 721 F.2d at 917. This was insufficient because the presentation of a check not secured by adequate funds did not meet the elements of a misrepresentation. *Id.*

Rehashing Mr. Mathews' alleged transportation or possession of a firearm as an illegal alien, charged in counts 8 and 11 under 18 U.S.C. § 922(g)(5), does not satisfy the intent prong under § 924(b), which is a material element of the offense. Therefore, counts 9 and 12 should be

dismissed because the alleged § 922(g)(5) violations failed to provide grounds to support the intent element of § 924(b).

6. In addition to multiplicity and insufficiency issues, the structure of the § 924(b) allegations are irreparably flawed, defying the actual purpose of the statute, which intended to impose an additional penalty for transporting firearms with the intent to commit a *future* felony. Mr. Mathews could not have transported the firearm with intent to commit a felony because the alleged violation of § 922(g)(5) is for possession, reception, or transportation of a firearm as an illegal alien. *See* 18 U.S.C. § 922(g)(5). If Mr. Mathews was transporting the firearm on January 5, 2020, then he already had received and/or possessed the firearm and was in the act of transporting it, and therefore could not have the future intent to partake in such an offense. The government's support of intent via the § 922(g)(5) violation is flawed and based on circular reasoning; it does not satisfy the elements or purpose of § 924(b), and therefore counts 9 and 12 should be dismissed.

WHEREFORE, Mr. Mathews respectfully requests that the Court dismiss counts 9 and 12 of the Indictment.

Respectfully submitted,

/S/
_____
JOSEPH A. BALTER       #04496
Law Office of Joseph A. Balter, LLC
Mt. Washington Mill
1340 Smith Avenue, Ste 200
Baltimore, Maryland 21201
Telephone:  (410) 375-7082
Facsimile:  (410) 779-1201
Email:      joseph@josephbalterlaw.com