IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. TDC-20-0033 |
| PATRIK MATHEWS | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR SEVERANCE FROM CO-DEFENDANTS

The defendant, Patrik Mathews, through his attorney Joseph A. Balter, hereby moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any tangible and derivative evidence seized in connection with the execution of search and seizure warrants. As grounds therefore, he states the following:

1. The defendant, Patrik Mathews, is charged with being an Alien in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(5) and Transporting a Firearm and Ammunition in Interstate Commerce with Intent to Commit a Felony, in violation of 18 U.S.C. § 924(b).

2. Defendant submits that the presentation of evidence against the co-defendants in a single trial will be prejudicial to the rights of Mr. Mathews because the vast majority of discovery does not relate to Mr. Mathews' alleged offenses.

Rule 14(a) of the Federal Rules of Criminal Procedure states: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a

–1–

defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Severance is allowed upon a showing of actual prejudice to an individual defendant. *United States v. Brooks*, 957 F.2d 1138, 1145 (4th Cir. 1992). Ultimately, severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.." *Zafiro*, 506 U.S. at 539.

This Court should sever Mr. Mathews case because the jury will be unable to compartmentalize the evidence as it relates to Mr. Mathews. Co-defendants Lemley and Billbrough are charged with several crimes of which Mr. Mathews is not charged: Conspiracy to Transport Certain Aliens, Transporting Certain Aliens, Conspiracy to Harbor and Transport Certain Aliens, and Harboring Certain Aliens. Co-defendant Lemley is also charged with Transporting a Machine Gun in Interstate Commerce, Disposing of a Firearm and Ammunition to Illegal Alien, and Transporting a Firearm and Ammunition in Interstate Commerce with Intent to Commit a Felony.

The Defendant, Patrik Mathews, is only charged as being an alien in possession of a firearm and transporting a firearm and ammunition in interstate commerce with intent to commit a felony.

To prove Mr. Mathews offense, the government only needs to show limited evidence regarding Mr. Mathews possession of a firearm. This evidence may be limited to evidence that

an agent witnessed Mr. Mathews in possession of a firearm and statements made regarding the possession of the firearm. Mr. Mathews suspects that the evidence produced to establish the alleged harboring counts against Mr. Lemley and Mr. Bilbrough will be substantially broader and will involve evidence to establish that Mr. Lemley and Mr. Bilbrough were motivated by their connections with the organization called "The Base." The evidence related to the Base will not be relevant to the charges against Mr. Mathews but will be highly prejudicial.

The spillover effect of the evidence against the co-defendants will be highly and unfairly prejudicial to Mr. Mathews. The evidence will subvert Mr. Mathews' presumption of innocence. The resolution is simple and necessary. Mr. Mathews' trial should be severed from that of his co-defendants.

3. The government may offer evidence of statements made by the co-defendants to government agents implicating Mr. Mathews.

4. Should the co-defendants not testify at trial, Mr. Mathews would be denied his confrontation rights as provided by the Sixth Amendment to the United States Constitution.

5. A separate trial for Mr. Mathews will avoid the clear prejudice which will ensue as set forth above. It will avoid the necessity of the Court making numerous instructions to the jury with regard to the admissibility of evidence. Mr. Mathews claims that the complexities which

6. Due to the varying levels of alleged involvement and different proof as to the defendants, there is a prejudicial joinder herein.

7. The inevitable pursuit of different trial strategies by defense counsel will deprive Mr. Mathews of control over his defense.

8.      Defendant, Patrik Mathews, will likely be deprived of an opportunity to call the co-defendants as witnesses on his behalf because the co-defendants cannot be compelled to testify at a joint trial.

9.      Should the co-defendants choose to testify, this might unduly influence the jury against the defendant, Patrik Mathews, for several reasons. If the jury were to accept the testimony of co-defendants, it might enhance the possibility that, notwithstanding instruction otherwise, the jury would draw a negative inference if Mr. Mathews exercised his right not to testify on his own behalf. Further, if the jury should reject the testimony of the testifying co-defendants, the lack of credibility of that witness would similarly be reflected upon the defendant, Patrik Mathews.

**WHEREFORE**, the defendant respectfully requests that his trial be severed from his codefendants.

Respectfully submitted,

/S/
_____
JOSEPH A. BALTER         #04496
Law Office of Joseph A. Balter, LLC
Mt. Washington Mill
1340 Smith Avenue, Ste 200
Baltimore, Maryland 21201
Telephone:   (410) 375-7082
Facsimile:   (410) 779-1201
Email:       joseph@josephbalterlaw.com

**REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, the defendant requests a hearing on this motion.

/S/
_____
JOSEPH A. BALTER         #04496