IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. TDC-20-033** |
| | * | **CRIMINAL NO. TDC-21-206** |
| **PATRIK JORDAN MATHEWS,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| *******| | |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its undersigned attorneys, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On January 27, 2020, a federal grand jury sitting in the District of Maryland returned an Indictment charging Patrik Jordan Mathews (the "Defendant") with alien in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(5) and 2 (Counts Eight and Eleven), and transporting a firearm and ammunition in interstate commerce with intent to commit felony, in violation of 18 U.S.C. §§ 924(b) and 2 (Counts Nine and Twelve). Crim. No. TDC-20-33, ECF No. 40 (the "Maryland Indictment").

2. The Maryland Indictment also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) upon conviction of the Defendant of the offenses alleged in Counts Eight through Twelve of the Maryland Indictment. *Id.* at 14-15.

1

3. On January 28, 2020, a federal grand jury sitting in the District of Delaware returned an Indictment charging the Defendant with aiding and abetting an alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2) and 18 U.S.C. § 2 (Count Three); possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) and 18 U.S.C. § 2 (Count Four); possession of an unregistered machine gun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 and 18 U.S.C. § 2 (Count Five); and obstruction of justice, in violation of 18 U.S.C. § 1519 (Count Six). Crim. No. TDC-21-206, ECF No. 1-1 (the "Delaware Indictment").

4. The Delaware Indictment also provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. §§ 924(d), 49 U.S.C. § 80303, 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), upon conviction of the Defendant of the offenses alleged in Counts Three through Five, of the Delaware Indictment. *Id.* at 3-4. The Delaware Indictment provided specific notice that upon the Defendant's conviction of the offenses alleged in Counts Three and Four, the defendant shall forfeit to the United States all firearms and ammunition involved in the commission of the offense, including: (1) one green and black 5.56 caliber assault rifle with no serial number, and (2) one Springfield Arm M1A 6.5 Creedmoor Rifle (serial number U242648), and (3) miscellaneous ammunition.

5. On June 11, 2021, the Defendant pled guilty in the District of Maryland to the offenses alleged in Counts Eight and Twelve of the Maryland Indictment and Counts Three and Six of the Delaware Indictment. ECF No. 156. As part of his guilty plea, the Defendant agreed to forfeit to the United States all right, title, and interest in the following items that the Defendant agreed constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's offenses: all firearms and

ammunition seized from the Defendant's residence in Delaware on or about January 16, 2020. *Id.* ¶ 12.

6.     During the execution of a search and seizure warrant at the Defendant's residence in Newark, Delaware on January 16, 2020, law enforcement seized the following firearms and ammunition involved in the Defendant's offenses:

(1) a Springfield Arms M1A 6.5 Creedmor Rifle bearing serial number U242648; and

(2) an AR-15 rifle with sling and no serial number;[1]

(3) eighteen boxes containing approximately 360 rounds of 6.5 Creedmoor cartridges;

(4) approximately two 12-gauge slugs;

(5) approximately 27 rounds of Sellier & Bellot 6.5 Creedmoor cartridges;

(6) approximately 171 rounds of 5.56 caliber ammunition and six rifle magazines;

(7) one box containing approximately 1,000 5.56 caliber rifle cartridges shipped to co-defendant Brian Lemley;

(8) approximately six Bear River rounds;

(9) approximately three rounds of Sellier and Bellot 6.5 Creedmor cartridges and one rifle magazine;

(10) one ammunition box containing approximately two rounds of ammunition;

(11) approximately one S&W .40 caliber round;

(12) approximately 11 12-gauge shotgun shells;

(13) approximately 368 rounds of 22 caliber ammunition;

(14) approximately 39 rounds of 6.5 Creedmoor ammunition;

---

[1] The AR-15 rifle is described as a green and black 5.56 caliber assault rifle with no serial number in the Delaware Indictment.

  (15) two boxes of Match 308 Winchester 155 CR ammunition containing approximately 20 cartridges each;

  (16) approximately two 12-guage shotgun shells;

  (17) approximately four rounds of Sellier & Bellot 6.5 Creedmor ammunition; and

  (18) one box of tactical ammunition containing approximately 20 rounds of 6.5 ammunition

(collectively, the "Subject Property"). The Subject Property is forfeitable, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(C), as firearms and ammunition involved in the Defendant's offenses.

  7. Accordingly, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture with respect to the Subject Property.

  8. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and notice that any person, other than the Defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

  9. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or

interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

10. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

11. The United States also seeks authority to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, pursuant to Rule 32.2(b)(3) and (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c) retain jurisdiction for the purpose of enforcing the forfeiture; and

(d) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

Erek L. Barron
United States Attorney

By:   /s/ _____
Thomas P. Windom
Assistant United States Attorney