IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-20-33 |
| | * | CRIMINAL NO. TDC-21-205 |
| BRIAN MARK LEMLEY, JR., and | * | CRIMINAL NO. TDC-21-206 |
| PATRIK JORDAN MATHEWS, | * | |
| | * | |
| Defendants | * | |
| | * | |

********

## GOVERNMENT'S REPLY TO DEFENSE SENTENCING MEMORANDA

In Lemley's responsive sentencing memorandum, Lemley argued that the § 3A1.4 terrorism enhancement, as written, contravenes a Congressional directive and, notwithstanding its plain wording, can only be applied where the defendant has been convicted of a federal crime of terrorism. ECF No. 184 at 12-17. Mathews adopted Lemley's argument by cross-reference. ECF No. 181 at 20. The defendants' interpretation of the law and the Guideline is incorrect.

I.  **The Terrorism Enhancement Applies Where, As Here, The Defendants Committed Felonies That Were Intended to Promote a Federal Crime of Terrorism.**

   A.  **U.S.S.G. § 3A1.4 applies in cases in which defendants have not been convicted of federal crimes of terrorism.**

By § 3A1.4's terms, there is no requirement that the defendant have committed a federal crime of terrorism. All that is required is that the offense involved or was intended to promote a federal crime of terrorism. *See, e.g.*, *United States v. Graham*, 275 F.3d 490, 516 (6th Cir. 2001). The Fourth Circuit, along with other courts, has applied the § 3A1.4 enhancement to a defendant who did not personally commit federal crimes of terrorism. For example, in *United States v. Benkahla*, 530 F.3d 300 (4th Cir. 2008), the Fourth Circuit affirmed the imposition of the § 3A1.4 enhancement to convictions for false statements and obstruction of justice that were intended to

promote a federal crime of terrorism—even though the defendant did not commit a federal crime of terrorism. And earlier this year, in *United States v. Kobito*, 994 F.3d 696, 698, 701-703 (4th Cir. 2021), the Fourth Circuit affirmed the district court's application of the § 3A1.4 enhancement, citing *Benkahla* and finding that the defendant "need not be convicted of a terrorism felony for § 3A1.4 to apply." And just last year, Judge Hazel applied the § 3A1.4 enhancement to a defendant convicted of unlawful possession of unregistered silencers, in violation of 26 U.S.C. § 5861(d); unlawful possession of firearm silencers unidentified by serial number, in violation of 26 U.S.C. § 5861(i); possession of firearms by an unlawful user of and addict to a controlled substance, in violation of 18 U.S.C. § 922(g)(3); and simple possession of a controlled substance, in violation of 21 U.S.C. § 844(a)—none of which are federal crimes of terrorism. *See United States v. Christopher Paul Hasson*, Crim. No. GJH-19-96, ECF No. 125.[1]

      Other courts are in accord with the courts in the Fourth Circuit. For example, in *United States v. Mandhai*, 375 F.3d 1243, 1248 (11th Cir. 2004), the Eleventh Circuit affirmed application of the § 3A1.4 enhancement to a conviction for conspiracy to destroy a power transmission utility under 18 U.S.C. § 844(n), which was not an enumerated federal crime of terrorism. In *United States v. Fidse*, 862 F.3d 516, 522 (5th Cir. 2017), the Fifth Circuit followed *Graham* by affirming application of the § 3A1.4 enhancement to convictions for conspiracy, false statements, and obstruction—also not federal crimes of terrorism. A district court in the Sixth Circuit recently rejected the defendants' precise argument and applied the enhancement to a defendant convicted of conspiracy and civil rights charges, under 18 U.S.C. §§ 247 and 373—neither of which are

---

[1] *Hasson* is on appeal in the Fourth Circuit.

federal crimes of terrorism. *See United States v. Robert Doggart*, Crim. No. 15-39 (E.D. Tenn.), ECF No. 344.[2]

Conversely, **no court** has agreed with the defendants' position that § 3A1.4 applies only if the defendant himself is convicted of a federal crime of terrorism. The defendants cite zero cases in support of his position—because there are none. Indeed, the only two relevant cases the defendants cite are a dissenting opinion in the Sixth Circuit's *Graham* case and the vacated decision in *United States v. Arnaout*, 282 F. Supp. 2d 838, 844 (N.D. Ill. 2003). ECF No. 184 at 15, 17. But the majority in *Graham* **rejected** the defendants' position, ECF No. 184 at 15 n.15,[3] and the faulty decision in *Arnaout* was **reversed** by the Seventh Circuit, *id.* at 17 n.17.

### B.   U.S.S.G. § 3A1.4 does not contravene a Congressional directive.

The defendants try to circumvent the plain language of § 3A1.4 by claiming it is a legal nullity because, according to them, it violates a Congressional directive. The text and history of § 3A1.4 show why the defendants' argument fails.

In 1994, Congress directed the Sentencing Commission to "amend its sentencing guidelines to provide an appropriate enhancement for any felony, whether committed within or outside the United States, that involves or is intended to promote international terrorism, unless such involvement or intent is itself an element of the crime." Pub. L. 103-322, § 12004, 108 Stat. 2022. The Sentencing Commission then enacted § 3A1.4, which originally called for an enhancement "[i]f the offense is a felony that involved, or was intended to promote, international terrorism." U.S.S.G. § 3A1.4 (1995 version).

---

[2] *Doggart* is on appeal in the Sixth Circuit.

[3] Although the *Graham* majority did not specifically address the defendants' argument, it necessarily rejected it in affirming the sentence for conspiracy, notwithstanding the dissenting judge's opinion.

After the 1995 Oklahoma City bombing, Congress, in passing AEDPA, directed the U.S. Sentencing Commission to modify its existing sentencing enhancement for crimes that involved or were intended to promote "international terrorism" with an enhancement directed at "Federal crimes of terrorism, as defined in [newly-enacted] section 2332b(g)." Pub. L. No. 104-132, § 730, 110 Stat. 1303 (1996) ("the 1996 Directive"). The Sentencing Commission did as instructed, so that § 3A1.4 now applies both to crimes "involv[ing]" as well as crimes "intended to promote" offenses listed in Section 2332b(g)(5)(B). The defendants argue that the Sentencing Commission ignored Congress's instructions in Section 730 of AEDPA by allowing § 3A1.4 (and the upward departure authorized under Application Note 4) to apply in cases where the offense of conviction is not an enumerated federal crime of terrorism. But there is no conflict between Congress's instructions and § 3A1.4 (or Application Note 4).

First, the defendants incorrectly maintain that Congress directed the Sentencing Commission to apply Section 3A1.4 "only" to *offenses of conviction* listed in Section 2332b(g). But Congress did no such thing. When Congress passed AEDPA and directed the Sentencing Commission to "amend the sentencing guidelines so that the chapter 3 adjustment relating to international terrorism only applies to Federal crimes of terrorism, as defined in section 2332b(g)," it said nothing about restricting application of the enhancement only to *offenses of conviction* listed in § 2332b(g). See Pub. L. No. 104-132, § 730, 110 Stat. 1303. Thus, both before and after amendment, § 3A1.4 had an "involved" and an "intended to promote" prong, both of which apply to federal crimes of terrorism. Congress did not suggest or direct the Commission to further restrict application of the enhancement only to offenses of conviction listed in § 2332b(g)(5)(B), as opposed to offenses that *promote* such crimes. *See United States v. Jordi*, 418 F.3d 1212, 1216 n.2 (11th Cir. 2005) (stating that "[t]he Sentencing Commission did as instructed" by Congress in

amending § 3A1.4 and its commentary to replace the reference to international terrorism with a reference to federal crimes of terrorism).

Moreover, the defendants' argument focusing on the word "only" in Section 730 of AEDPA reads that word out of context. There is nothing inconsistent with requiring that the enhancement apply "only" to federal crimes of terrorism and continuing to allow the enhancement to apply whenever the offense involves or promotes such a crime, regardless of whether it is the offense of conviction. This straightforward interpretation is supported by the very Conference Report cited by the defendants; that Conference Report states that the 1996 Directive "gives the U.S. Sentencing Commission amendment authority to **expand** the scope of" § 3A1.4. ECF No. 184 at 18; 142 Cong. Rec. H. 3337 (1996), 1996 WL 174947 (emphasis added). Thus, § 3A1.4 was expanded beyond just international terrorism to include all federal crimes of terrorism, which included different types of conduct in different locations than just international terrorism. If Congress had meant the Commission to remove the "intended to promote" language in § 3A1.4, it would have explicitly said so in the 1996 Directive—or at any point in the last 25 years. *See Mistretta v. United States*, 488 U.S. 361 (1989) (acknowledging that Congress can revoke or amend any Guideline "at any time").

Finally, the defendants maintain that *Graham* and other courts are incorrect because those decisions conflict with the Supreme Court's decision in *United States* v. *LaBonte*, 520 U.S. 751 (1997). But that is not correct. The Supreme Court in *LaBonte* simply stated that the Sentencing Commission's discretion in implementing the Guidelines "must bow to the specific directives of Congress." *Id.* at 757. But *LaBonte* does not involve interpretation of § 3A1.4 or the Congressional statutes that initially authorized and later required amendment to that provision. And none of the cases and statutory history that the defendants cite supports the predicate of their

argument, *i.e.*, that there is actually a conflict between, on one hand, the way courts have applied the § 3A1.4 enhancement for 25 years and, on the other hand, Congress's instructions to the Sentencing Commission in 1996. There is no such conflict.

### Conclusion

For the reasons set forth above, and in the Government's opening and responsive sentencing memoranda, the Court should apply the § 3A1.4 enhancement.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/
Thomas P. Windom
Thomas M. Sullivan
Assistant United States Attorneys
